■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LYLE BRAITHWAITE, Appellant.— Order entered February 7, 1966 denying, without a hearing, the petitioner's motion for a writ of error, *coram nobis*, unanimously reversed on the law, the facts and in the exercise of discretion, and the matter is remanded for a hearing on the issue of whether petitioner entered a plea of guilty in reliance upon a promise of the Judge that the maximum sentence would be less than 7 years. Defendant was indicted for felonious possession of narcotic drugs, and criminally possessing a weapon as a felony. He pleaded guilty to both charges and was given a sentence of 7½ to 15 years for possession of narcotics, and 7 to 14 years for possession of the pistol, the sentences to run concurrently. It is alleged in the petition that after a conference at the Bench between defendant's counsel, the District Attorney, and the Judge, defendant was told by his counsel that if he pleaded " guilty to the second and third counts of the indictment the court's maximum sentence would be less than 7 years to satisfy the indictment." There is attached to the petition a letter written by defendant's former counsel. In that letter counsel states that no promise was made, but that the Judge did indicate to him (counsel) that a five-year sentence might be sufficient. The letter further acknowledges that the Judge's statements as to the sentence were communicated by counsel to the defendant. Petitioner claims that in reliance upon what he believed to be a promise of a fixed sentence by the Judge, he pleaded guilty. It appears that the petition contained more than bald unsupported allegations, for the letter of the attorney acknowledges that the subject of sentence was discussed with the Judge prior to the taking of the plea, and that the Judge did mention a particular sentence and, further, that the counsel communicated these statements of the Judge to the petitioner. While it is true that counsel's letter indicates that the Judge's statement was not a promise, in the circumstances it would best serve the interests of justice to have a hearing. Concur — Breitel, J. P., Rabin, Stevens, Steuer and Capozzoli, JJ.

■ In the Matter of the Arbitration between MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, and THOMAS E. CODY, Respondent.— Order and judgment granting MVAIC's motion to confirm the arbitration award in favor of respondent and ordering payment therefrom of an attorney's fee to respondent's attorney, unanimously modified, on the law, to the extent of reversing so much thereof as awarded an attorney's fee to respondent's attorney and otherwise affirmed, with $50 costs and disbursements against attorney for respondent. Respondent's claim before the arbitrator is based on the endorsement to his insurance contract, which provides, amongst other things, for a reduction in any amount awarded by " the amount paid and the present value of all amounts payable on account of such bodily injury under any workmen's compensation law ". (See *Matter of Durant* [*MVAIC*], 15 N Y 2d 408.) Consequently there is no fund to which a lien can attach. Concur — Breitel, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.